UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Hope Baker, | ) | CASE NO. 1:14 CV 777 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kenneth S. McHargh (Doc. 21), recommending that the decision of the Commissioner be VACATED and that this matter be REMANDED to defendant for further consideration. The government filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED. The decision of the Commissioner is VACATED and this matter is REMANDED for further proceedings consistent with this Opinion.

**ANALYSIS**

The facts and medical evidence are aptly set forth in the R&R and need not be repeated

1

herein. The government objects to the R&R on two grounds. According to the government, the R&R erroneously concludes that the Administrative Law Judge ("ALJ") erred in failing to consider at Step Two whether plaintiff's diagnosis of thalamic pain syndrome is a severe impairment. The Court rejects the government's argument. The government concedes that thalamic pain syndrome is "a condition in which one becomes hypersensitive to pain as a result of damage to the thalamus... resulting from stroke or other injury to the thalamus." It is undisputed that the ALJ did not determine at Step Two that thalamic pain syndrome is a severe impairment. It is well-established, however, that the ALJ's failure constitutes harmless error provided the ALJ found at least one severe impairment at Step Two and went on to consider the limitations arising from thalamic pain syndrome at subsequent steps in the disability analysis. *See, Maziarz v. Secretary of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987).

Here, the ALJ concluded at Step Two that plaintiff suffers from a number of severe impairments. The ALJ did not, however, address the primary limitation of the syndrome, *i.e.*, hypersensitivity to pain. The government argus that the ALJ did in fact consider the limitations and points out the ALJ addressed plaintiff's "mild right-sided weakness and some right-sided paresthsia." The ALJ noted that these symptoms appeared to improve with medication. The ALJ noted that plaintiff's physician opined that plaintiff is able to grasp, provided grasping is not performed continuously or frequently. The government also argues that the ALJ concluded that plaintiff was able to use her arms, hands, and legs in a satisfactory manner. The Court finds, however, that none of these statements address plaintiff's hypersensitivity to pain. As such, the Magistrate Judge correctly determined that the ALJ failed to consider thalamic pain syndrome to be a severe impairment at Step Two and that the error is not harmless because the ALJ did not

2

consider the limitations imposed by the syndrome at later steps in the disability analysis.  The government's objection is not well-taken.

The government also argues that the Magistrate Judge erred in recommending that the ALJ failed to assess whether plaintiff meets or equals Listings 1.04 and 11.04.  According to the government, sufficient evidence in the record demonstrates that, although the ALJ did not evaluate the evidence in comparison to the Listings, the ALJ properly weighed the evidence in determining that plaintiff is not disabled.  Upon review, the Court finds that it need not address whether the ALJ's failure at Step Three, standing alone, warrants remand.  Because this Court determined that remand is required at Step Two, the Court directs defendant to assess the Listings on remand in order to allow for meaningful judicial review.

## **CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and is incorporated by reference as if fully rewritten herein.  The decision of the Commissioner is VACATED and this matter is REMANDED for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

                                                 /s/ Patricia A. Gaughan  
                                                PATRICIA A. GAUGHAN  
Dated: 8/25/15                   United States District Judge